UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 09-38-B-W |
| | ) | |
| GARY FARLOW, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO WITHDRAW GUILTY PLEA
AND RECONSIDER DENIAL OF SUPPRESSION HEARING

The defendant through his undersigned attorney hereby moves the Court to allow him to withdraw his guilty plea and to reconsider its denial of a suppression hearing pursuant to F.R.Cr.P. 11(d).

Rule 11(d) addresses the withdrawal of a guilty plea after the plea has been accepted, but before sentencing. Fed. R. Crim. P. 11(d)(2)(B). The Rule provides that at this stage a defendant may withdraw a plea of guilty if "the defendant can show a fair and just reason for requesting the withdrawal." Id.

The First Circuit directs the court to consider five factors:

1.      Whether the defendant pleaded guilty voluntarily, knowingly and intelligently and whether the court adequately observed the formalities imposed by Rule 11;

2.      Whether the defendant has asserted a serious claim of innocence;

3.      The force of the reasons offered by the defendant;

4.      The timing of the motion; and

5.      Any countervailing prejudice to the government if the defendant is permitted to withdraw his plea. *United States v. Small*, 626 F. Supp. 2d 130, 131 (D. Me. 2009);

*United States v. Padilla-Galarza*, 351 F.3d 594, 597 (1st Cir. 2003).  Mr. Farlow relies on the fourth factor which relates to this Court's prior denial of his motion to suppress without having conducted a suppression hearing.

### THE MOTION TO SUPPRESS

Mr. Farlow originally moved to suppress evidence of child pornography recovered from his computer on the basis that, although the officers seized the computer legally pursuant to a warrant stemming from an investigation involving the transmission of obscene materials to a person the defendant believed to be a minor, that investigation did not involve any child pornography.  Rather, the only image at issue in that case was one which depicted a clothed adult male body builder. The Magistrate Judge recommended that the motion be denied without a hearing on September 29, 2009.  This Court affirmed by Order entered on December 3, 2009.  As part of its determination, the Court found that Mr. Farlow had not presented sufficient facts by way of affidavit or otherwise to merit a hearing on his motion to suppress.  It is this procedural ruling that Mr. Farlow requests the Court to reconsider based on a recent and illuminating case issued by the First Circuit.

### CLARIFICATION AS TO WHEN AN EVIDENTIARY HEARING
### IS DESIRABLE

On May 10, 2011, the First Circuit had occasion to revisit the issue of when a motion to suppress may or may not be resolved without an evidentiary hearing.  *See United States v. D'Andrea*, --- F.3d ----, 2011 WL 1760207 (1st Cir. May 10, 2011).  The case in *D'Andrea*, much like that in Mr. Farlow's, involved a police search that revealed child pornography stored on electronic media.  The police then took the evidence from the first search and obtained a warrant for child pornography.  *See D'Andrea*, at *1.  The question in D'Andrea was whether the previous private search was of the same scope as

2

the later police search.  Here, the first search was pursuant to a warrant that arguably limited the police's search to images of the body builder.  The question that Mr. Farlow's motion presented was whether the police had the ability to perform that search without visually scanning all images stored on Mr. Farlow's computer.  The Court denied the motion because the Government presented an affidavit from the searching officer and defense counsel did not present any competing expert affidavit.  Order at 6.

As in Mr. Farlow's case, the defendants in *D'Andrea* pled guilty pursuant to a conditional guilty plea, reserving the right to appeal the denial of the suppression motion. The First Circuit reversed the convictions and remanded for an evidentiary hearing.  It did so  "because the record does not provide meaningful details on the searches of the website by the Tipster and the DSS, we do not have enough evidence to determine whether the DSS search of the website exceeded the scope of the Tipster's search."  at *5.

## REMAINING FACTUAL ISSUES

In Mr. Farlow's case, the Government's expert's affidavit opined that there is "no way anyone can predict in advance the specific locations on a hard drive that may contain the evidence outlined in the affidavit and warrant based on the nature of current operating systems and proprietary software.  There is also no way to predict in advance what forensic tool or searching technique may be needed to recover the evidence described in the affidavit and warrant."  *See* Affidavit, Document 35-4, page 3.  The question is not whether there is a way to limit this search *a priori*, but whether the examiner even attempted to search for the identified photograph on Mr. Farlow's computer using a hash-value from the known electronic photograph.  If that photograph had been found using a hash-value analysis (which the affidavit indicates is possible, since hash values are included in the photos attached to the affidavit), then a further visual search of all images

3

on Mr. Farlow's computer would not have been necessary.  Thus, there are facts of record
*i.e.*, the limited nature of probable cause for the first warrant along with an admitted
ability to search for items with hash values, which raise a substantial factual issue.  There
is also facts solely within the Government's possession, namely the search protocol and
any efforts to limit this protocol to items identified in a warrant, which are absent from
the record.

This Court's order depended on Sgt. Lang's affidavit regarding what was
"reasonable" in this case.  *See* Order at 12.  The Court recognized that First Circuit
precedent  indicates that it is preferable "to examine the circumstances of each case, to
assess the validity of the computer search protocol, to determine whether the police
strayed from the authorized parameters of the search warrant, and to hold the police to
constitutional standards in the context of a motion to suppress."  Order at 11.  However,
Sgt. Lang's affidavit did not set out the computer search protocol used by Sgt. Lang.
Therefore, the Court cannot say whether that search protocol was limited to the nature and
type of evidence sought pursuant to the warrant.  Thus, similar to the facts present in
*D'Andrea*, there remain factual issues that bear on the legal basis for the motion to
suppress.

The First Circuit made it very clear that issue of the scope of intrusion into
otherwise protected areas of interest, even in the electronic realm, still merit heightened
scrutiny.  In the context of private searches, "the Court was emphasizing that an
antecedent private search does not amount to a free pass for the government to rummage
through a person's effects. The same principle is expressed in the Supreme Court's
jurisprudence in the context of the plain view doctrine."  *D'Andrea* at *5.  Here, the
searching officer was limited by the first warrant to evidence of the crime under

4

investigation in New York. That evidence was identified in the affidavit in support, and consisted of the chat sessions with the undercover officer, as well as the email with the photo of the body builder.

The question remains, even with Sgt. Lang's affidavit, as to whether Sgt. Lang ever used a search protocol that was designed to find these identifiable documents. Thus, an evidentiary hearing would answer questions which the Court has identified as important to the legal determination and which the record, as it stands, does not answer.

## MR. FARLOW'S CASE PRESENTS COMPELLING REASONS
## TO GRANT THE MOTION TO WITHDRAW
## AND HOLD AN EVIDENTIARY HEARING AT THIS TIME

If Mr. Farlow had all the time in the world, this case could be appealed, the First Circuit could determine whether the record information is sufficient to satisfy the legal question, and if not, remand the case for an evidentiary hearing. It would seem prudent, however, to grant Mr. Farlow's motion due to the First Circuit's clarification of when an evidentiary hearing is merited. It appears, based on the facts of record, that a hearing is merited in this case. Therefore, given Mr. Farlow's health, it would appear to be in the overall interests of justice to set aside the guilty plea at this stage and conduct such a hearing. Should the Court, after hearing from Sgt. Lang, come to the conclusion that the search protocol was, in fact, designed to comply with the strictures of the warrant, then it may re-instate its prior order. However, the issue is one which bears closer consideration given all of the circumstances present in this case. The Government would bear no prejudice from having to present its witnesses at an evidentiary hearing, as seeking the truth is always in the interest of justice.

## CONCLUSION

For the foregoing reasons, Mr. Farlow respectfully requests the Court to allow him to withdraw his conditional plea of guilty for the purpose of re-opening the suppression issue and allow a hearing on the matter to allow the Government to present evidence as to the search protocol used in this case.

Dated:  May 18, 2011

Respectfully submitted,

*/s/ Virginia G. Villa*

_____

VIRGINIA G. VILLA
Assistant Federal Defender
Key Plaza-Second Floor
23 Water Street
Bangor, ME  04401
(207) 992-4111
Virginia_Villa@fd.org

Attorney for Defendant

## CERTIFICATE OF SERVICE

I, **Virginia Villa**, attorney for **Gary Farlow**, hereby certify that I have served, electronically, a copy of the above  "**DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA**" upon **James M. Moore**, Assistant United States Attorney, via the ECF system.

*/s/ Virginia G. Villa*
VIRGINIA G. VILLA

DATE:  May 18, 2011

6