UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.  1:09 - cr - 38 - JAW |
| | ) | |
| GARY A. FARLOW. | ) | |

**RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA AND RECONSIDER DENIAL OF SUPPRESSION HEARING**

**NOW COMES** the United States of America, by and through Thomas E. Delahanty, II, United States Attorney for the District of Maine, and James M. Moore, Assistant U.S. Attorney, and hereby files its response to the defendant's motion to withdraw his plea of guilty and his request that the Court reconsider its decision to deny a suppression hearing.  The defendant has not presented the Court with an expert witness affidavit or any other affirmative evidence.  His unsupported request for an evidentiary hearing will prejudice the Government and has been prompted by considerations which do not amount to a fair and just reason for withdrawal of his plea.  The defendant voluntarily entered his conditional plea of guilty over seven months ago after scrupulous inquiry by the Court at the Rule 11 hearing.  The Court specifically advised the defendant that except for the issue reserved for appeal his "guilty plea will be final" and he "won't then be able to come back and . . . relitigate the case."  The defendant's unhappiness with sentencing prospects is not a valid basis for relitigation of the case in the eleventh hour.  For the reasons set forth below, the Court should deny the defendant's motion to withdraw his guilty plea.

## I. PROCEDURAL HISTORY

A twelve count indictment was returned against the defendant on March 11, 2009. (Docket Entry No. 1). On August 4, 2009, the defendant filed a motion to suppress evidence (Docket Entry No. 29). The Magistrate Judge issued a Recommended Decision to deny the defendant's suppression motion on September 29, 2009. (Docket Entry No. 43). The Court entered an Order on December 3, 2009 (Docket Entry No. 52), affirming the Recommended Decision of the Magistrate Judge and denying the Defendant's Motion to Suppress Evidence. On October 28, 2010, the defendant signed a Conditional Agreement to Plead Guilty, agreeing to plead guilty to Count 11 – transportation of child pornography -- and reserving his right to seek appellate review of the Court's Order which denied his suppression motion. With the consent of the United States Attorney's Office and the approval of the Court, the defendant entered and the Court accepted a conditional plea of guilty to Count 11 on November 9, 2010. Tr. at 25. A Revised Presentence Investigation Report was issued on January 25, 2011. On March 15, 2010 and April 5, 2010, the Court conducted pre-sentence conferences of counsel. A sentencing hearing was conducted on May 6, 2010 and continued to June 6, 2010. Over two years after return of the indictment, 22 months after filing the suppression motion, more than seven months after entry of the conditional plea and after each of the parties filed two sentencing memoranda, the defendant moved to withdraw his conditional plea of guilty and requested that the Court reconsider its decision to rely on the paper record in denying his suppression motion.

## II. DISCUSSION

A defendant does not enjoy an absolute right to withdraw a guilty plea, *United States v. Gonzalez*, 202 F.3d 20, 23 (1st Cir. 2000), and the burden of persuasion rests upon the defendant. *United States v. Castro-Gomez*, 233 F.3d 684, 687 (1st Cir. 2000); *United States v. Marrero-Rivera*,

124 F.3d 342, 347 (1st Cir.1997). Rather, the Court must undertake a searching inquiry of whether a "fair and just" reason exists for allowing the defendant to withdraw his guilty plea. *Id.*; Fed.R.Crim.P. 11(d)(2)(B).[1] The First Circuit has identified five factors to assess whether the defendant's reasons justify withdrawal: (1) whether the plea was voluntary, intelligent, and knowing when made, and complied with Rule 11; (2) the force, weight and plausibility of the defendant's reason for the change of plea; (3) the timing of the request; (4) whether the defendant asserts actual innocence; and, (5) whether a plea agreement has been reached. *United States v. Pullido*, 566 F.3d 52, 57 (1st Cir. 2009); *United States v. Richardson*, 225 F.3d 46, 51 (1st Cir. 2000), *cert. denied* 531 U.S. 1203 (2001); *United States v. Leland*, 370 F. Supp. 2d 337, 341 (D. Me. 2005) (*quoting United States v. Padilla-Galarza*, 351 F.3d 594, 597 (1st Cir. 2003). Before allowing a defendant to withdraw his plea, the court must also consider the potential prejudice to the government. *United States v. Richardson*, 225 F.3d at 51; *United States v. Marrero-Rivera*, 124 F.3d at 347.

### A.   Defendant's Conditional Plea of Guilty was Voluntary, Intelligent and Knowing

"Whether the plea was voluntary, intelligent and knowing is the most significant of the five factors." *United States v. Leland*, 370 F. Supp. 2d at 341-42 (*citing United States v. Padilla-Galarza*, 351 F.3d at 597; *United States v. Richardson*, 225 F.3d at 51; *United States v. Cotal-Crespo*, 47 F.3d 1, 3 (1st Cir. 1995)).[2] Here, the Court scrupulously "observed the formalities imposed by Rule 11,

---

[1] The "aim of [Rule 11(d)] is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Barshara*, 27 F.3d 1174, 1181 (6th Cir. 1994). The Sixth Circuit has added that "[w]hen a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006). Defendant Farlow claims neither "unsure heart" nor "confused mind", but instead requests withdrawal for strictly tactical reasons.

[2] The First Circuit has "identified three 'core' Rule 11 concerns: (1) voluntariness-i.e., absence of coercion; (2) understanding of the charge; and (3) knowledge of the consequences of the guilty plea". *United States v. Marrero-Rivera*, 124 F.3d 342, 348 n. 7 (1st Cir.1997).

which are intended to assure that the defendant understands the charge and the consequences of the plea." *United States v. Padilla-Galarza*, 351 F.3d at 597; *see also* Fed. R. Crim. P. 11(b) (setting forth requirements Court must observe in questioning and advising defendant during guilty plea).  Seven months ago the Court very carefully explained to the defendant and questioned him in open court to ensure he understood his guilty plea was conditional "only on one factor" and would be final if the appellate court agreed with the decision to deny his suppression motion:

>THE COURT: So I just want it clear, as clear as I can be today, about what you're doing because it's very important for you and your future.
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: By entering the conditional plea of guilty today, the only issue that will remain pending as to whether the guilty plea will be final will be the appeal -- the issue on appeal and that will be the single issue on appeal. Do you understand this?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: In other words, if you lose on that issue, you won't be able later on to raise any other defenses.
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you understand?
>
>THE DEFENDANT: Yes, I do.
>
>THE COURT: So you are hitching your star to just one legal issue. Do you understand that?
>
>THE DEFENDANT: Yes, I do, sir.
>
>THE COURT: And if the court disagrees with your lawyer and concludes that I was correct in the way I resolved that legal issue, the guilty plea will be final, and you won't

       then be able to come back and say, I want to relitigate the case. Do you understand?

       THE DEFENDANT: Yes, sir.

       THE COURT: So what you're doing today has very significant consequences to you. Do you understand?

       THE DEFENDANT: Yes.

Tr. at p. 8, line 1to p. 9, line 2. Defense counsel approved of the conditional plea and recommended that the Court accept it. Tr. at 9, lines 8-11. The record demonstrates that Gary Farlow agreed that he had read Count 11, that he had an adequate opportunity and enough time to review the charge with his lawyer, and that his lawyer had explained to him the elements and the nature of the charge as well as the consequences flowing from entering the conditional guilty plea to Count 11. *See* Tr. at 10-12. The defendant also acknowledged that he understood the penalties associated with Count 11 and other than the issue reserved for appeal that he was pleading guilty because he was actually guilty. Tr. at 10-12. In addition, he received a full explanation of his rights regarding a trial. Tr. at 13-15. Thereafter, the defendant conceded following a recess to examine the image of child pornography that there was a factual basis for the plea and adopted the government's version of the facts. Tr. at 16-21. In sum, the record clearly supports the Court's conclusion at the end of the plea hearing – that the defendant "voluntarily and knowingly tendered a conditional plea of guilty to Count 11." Tr. at 26. Such strict compliance is usually dispositive of whether a defendant's plea was voluntary, intelligent and knowing. *See United States v. Leland*, 370 F. Supp. 2d at 342 (*citing United States v. Austin*, 948 F.2d 783, 787 (1st Cir. 1991)). The defendant concedes his conditional plea of guilty was voluntary, intelligent and knowing. *See* Def. Motion to Withdraw at 2. Having voluntarily, intelligently and knowingly admitted his factual guilt during the Rule 11 hearing, he should not be permitted to "turn

his back on his own representations to the court merely because it would suit his convenience to do so." *See United States v. Austin*, 743 F. Supp. 72, 76 (D. Me. 1990), *aff'd*, 948 F.d 783 (1st Cir. 1991).

### B.  Defendant's Proffered Reason for Withdrawing his Guilty Plea is without Force

In determining whether a "fair and just" reason exists for withdrawal of a guilty plea, the Court must assess the "force", "weight" and "plausibility" of the reason. *See United States v. Pullido*, 566 F.3d 52, 57; *United States v. Sousa*, 468 F.3d 42, 46 (1st Cir. 2006).[3] Here, the defendant now claims that his September 29, 2009 suppression motion should not have been resolved on a paper record.[4] It is well established a criminal defendant does not have a presumptive right to an evidentiary hearing on a motion to suppress. *United States v. Brown*, 621 F.3d 48, 57 (1st Cir.2010) (*citing United States v. Panitz*, 907 F.2d 1267, 1273 (1st Cir.1990)). "The district court has considerable discretion in

---

[3]A defendant's reason for withdrawing a guilty plea must rest on more than mere plausibility. The case against Mr. Farlow is many months beyond the charging or pleading stage. After having already overseen pretrial proceedings including the rulings on the suppression motion, conducted its detailed Rule 11 inquiries, approved and accepted the defendant's conditional plea and presided over presentence conferences and the first part of a sentencing hearing, the Court is obligated to engage in "an idiocratic, particularistic, factbound assessment" in determining whether sufficient "force" and "weight" exist for the retraction of the guilty plea. *United States v. Sousa*, 468 F.3d at 46; *United States v. Marrero-Rivera*, 124 F.3d 342, 347 (1st Cir. 1997) (*quoting United States v. Pellerito*, 878 F.2d 1535, 1538 (1st Cir. 1989), *cert. denied*, 502 U.S. 862 (1991)). The First Circuit has also described reasons sufficient for allowing withdrawal of a guilty plea as having to be "cogent" and "compelling". *See, e.g. United States v. Doyle*, 981F.2d 591, 595 (1st Cir. 1992); *United States v. Crosby*, 714 F.2d 185, 192 (1st Cir. 1983). The Court engaged in such an assessment when both the Chief Judge and the Magistrate Judge carefully and squarely addressed the previous requests for an evidentiary hearing. The defendant has not asserted a forceful or compelling reason for withdrawal.
[4]The Defendant has not asserted a claim of actual innocence. The defendant agreed and defense counsel acknowledged her satisfaction during the plea colloquy that apart from the issue raised for appeal, the defendant was conditionally guilty of the charge contained in Count 11 because he was "actually guilty of that crime and for no other reason." Tr. at 10, lines 2-12. After taking a break during the Rule 11 hearing to allow the defendant to examine the image with which he was charged, the defendant stated he did not disagree with anything set forth in the Government's Proposed Facts and Version of the Offense. Tr. at 16-21. The government's version of the offense stated that forensic examination of the e-mail and contents of e-mail messages showed that the defendant knowingly transported child pornography. *See Prosecution Version* (Docket No. 100). Indeed, it remains undisputed that defendant Farlow possessed in excess of 400 images of child pornography. *See Def. Supplmental Memo. in Aid of Sentencing* at 1.

determining the need for, and the utility of, evidentiary hearings, and [an appellate court] will reverse the [trial] court's denial of an evidentiary hearing in respect to a motion in a criminal case only for manifest abuse of that discretion." *United States v. Staula*, 80 F.3d 596, 603 (1st Cir. 1996) (upholding district court decision to forego evidentiary hearing on suppression motion), *cert. denied*, 519 U.S. 857 (1996). The test for granting an evidentiary hearing in a criminal case is substantive: "did the defendant make a sufficient threshold showing that material facts were in doubt or dispute?" *United States v. Vilches-Navarrete*, 523 F.3d 1, 15 (1st Cir.) (quotation marks and citation omitted) (concluding district court did not abuse discretion by failing to hold evidentiary hearing on motion to suppress), *cert. denied*, 129 S.Ct. 208 (2008). In order to obtain an evidentiary hearing on a motion to suppress physical evidence, a defendant has the burden to "allege facts, sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *United States v. Calderon*, 77 F.3d 6, 9 (1st Cir. 1996). Most importantly, the defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief. *United States v. Staula*, 80 F.3d at 603.

      In re-asserting that the Court should have given him an evidentiary hearing, defendant Farlow has once again failed to meet his burden of making a threshold showing that material facts are in dispute. He merely re-states the same allegations asserted on August 4, 2009: the body builder image used in sending sexual solicitations to a minor could have been recovered with a more focused search. Rule 47(b) allows a party making a motion to support it "by affidavit." Fed.R.Crim.P. 47(b). Sergeant Glenn Lang, the Supervisor of the Maine State Police Computer Crime Unit, declared in an affidavit under the penalty of perjury that a visual search was necessary and there was "absolutely no way" a forensic examiner could have limited his or her search by file extension, location within the computer or by hash value without missing items of evidentiary value. *See* Resp. of USA to Def. Sup. Mot.,

7

Exh. C at 2. The Magistrate Judge concluded the defendant "request[ed] a hearing in order to establish certain facts that are already evident . . . a more focused search could have been performed . . ." Rec. Dec. at 4. Judge Kravchuk added, "There is no need for a hearing to support a finding that Sgt. Lang could have focused his investigation . . ." In rejecting defendant's "unverified proffer" and "statement of hope" that Sgt. Lang could have performed a more limited search, the District Court concluded:

> Mr. Farlow elected not to present any affirmative evidence to contradict the declaration of Sgt. Lang concerning the practical parameters of his search of the Farlow computer. For example, there is no expert defense witness affidavit describing an alternative and less invasive search protocol and contradicting Sgt. Lang's declaration. Instead, Mr. Farlow's defense counsel asserts in the objection what Sgt. Lang "would have to admit" during cross-examination at the suppression hearing. Def.'s Obj. at 2. But, defense counsel's say-so alone is not enough to mandate an evidentiary hearing, particularly in the context of expert evidence . . . In effect, defense counsel seeks to generate an evidentiary hearing by proffering her own expertise in the area of computer searches, and making an assured pronouncement that the Government's expert would capitulate on the stand and concede that her understanding of computer searches is correct and his earlier declaration in error. The Court is not required to accept unverified assertions in counsel's memorandum; the Court is allowed to accept "only the verified evidence before it." . . . Farlow has not alleged "facts, sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented,". . . and has not by counsel's assertions alone generated the need for an evidentiary hearing.

*United States v. Farlow*, 2009 WL 4728690 at *3 (D. Me. Dec. 3, 2009). Despite the passage of 22 months since the defendant filed his suppression motion, he has failed to make a threshold showing that material facts are in dispute and remains without any documentation, sworn testimony or other affirmative evidence of weight to show he has made a claim of substance which warrants a hearing. Indeed, the defendant appeared at a May 6, 2011 hearing in anticipation of being sentenced and without expressing any reason to withdraw his conditional plea of guilt.[5]

### C.     Defendant's Lengthy Delay is Probative of his Motives

The First Circuit has noted that a "long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses." *United States v. Gonzalez*, 202 F.3d 20, 24 (1st Cir. 2000) (*quoting United States v. Doyle*, 981 F.2d 591, 595 (1st Cir.1992)); *see also United States v. Isom*, 85 F.3d 831, 838-39 (1st Cir. 1996). The "longer a defendant waits before moving to withdraw [a] plea, the more potency [the] motion must have in order to gain favorable consideration." *United States v. Gonzalez-Vazquez*, 34 F.3d 19, 23 (1st Cir. 1994) (*quoting United States v. Parrilla-Tirado*, 22 F.3d at 373). Federal courts have consistently rejected plea withdrawal motions in cases where the relevant gap between the plea and the motion is less than three months and in one case as little as sixteen days. *See, e.g. United States v. Valdez*, 362 F.3d 903, 912-13 (6th Cir. 2004) (motion to withdraw denied where defendant delayed filing for 75 days); *United States v. Flores*, 50 Fed. Appx. 264, 265 (6th Cir. 2002) (denial of requested withdraw of plea in case of five-week delay in mailing motion); *United States v. Durham*, 178 F.3d 796, 799 (6th Cir.) (denial of motion to withdraw plea where defendant waited 77 days), *cert. denied*, 528 U.S. 1033 (1999); *United States v. Muriel*, 111 F.3d 975, 980 (1st Cir. 1997) (defendant not entitled to withdraw plea where he waited almost three months); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir.) (defendant did not provide reasons to justify 67-day delay between plea and motion to withdraw), *cert. denied*, 519 U.S. 973 (1996); *United States v. Cotal-Crespo*, 47 F.3d 1, 8 (1st Cir) (defendants who waited two months not entitled to withdraw guilty pleas), *cert. denied*, 516 U.S. 827 (1995); *United States v. Rinard*, 956 F.2d 85, 88-89 (5th Cir. 1992) (given 69-day delay, court was justified in denying motion to withdraw plea); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir.) (defendant who waited six weeks to file

---

[5]The defendant acknowledged not only receiving and reading a presentence investigation report but that the report other than issues raised for sentencing or preserved for appeal was accurate. He did not challenge the report's description of offense conduct or reference to the Court's acceptance of his plea.

motion not entitled to hearing), *cert. denied*, 502 U.S. 857 (1991); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (not entitled to withdraw guilty plea some 55 days after it was entered); *United States v. Nunez Cordero*, 533 F.2d 723, 756 (1st Cir. 1976) (motion denied with two week delay between plea and motion to withdraw); *United States v. Roderick*, 180 F. Supp.2d 203, 207 (D. Me. 2002) (no reason for permitting withdrawal of plea where defendant waited two months to file motion); *United States v. LaFleur*, 676 F. Supp. 60, 62 (D. Vt. 1987) ("defendant's motion [to withdraw plea coming] sixteen days after he entered his guilty plea [was] hardly a 'swift change of heart.'").  Here, Defendant Farlow moved to withdraw his guilty plea over seven months after he voluntarily, intelligently and knowingly entered his conditional plea of guilty.  The court should look with disfavor and skepticism at the claim of entitlement to a hearing because of a holding in the *D'Andrea* case.[6]  The defendant's lengthy delay is probative of his motives and creates a heavy burden to overcome in establishing a legitimate reason for withdrawing his plea.  A belated motion to withdraw a plea "suggests that the defendant is simply trying to delay resolution of the matter."  *See United States v. Small*, 626 F. Supp. 2d 130, 134 (D. Me. 2009) (three month delay in moving to withdraw plea militated against granting motion), *aff'd*, 2011 WL 1289057 (1st Cir. Apr. 6, 2011).

### D.    Prejudice to the Government

Before allowing a defendant to withdraw his plea, the Court must also "consider the potential prejudice to the government."  *United States v. Richardson*, 225 F.3d at 51; *United States v. Marrero-Rivera*, 124 F.3d at 347.  However, a defendant's "second thoughts [are] an inadequate basis to reverse course even when . . . the delay has not prejudiced the government's capacity to try the case."  *United*

---

[6]There is nothing "illuminating" about *United States v. D'Andrea*, 2011 WL 1760207 (1st Cir. May 10, 2011) as it pertains to the instant case.  In *D'Andrea*, the First Circuit concluded in the case of a warrantless search in which the district court made a "clearly erroneous" factual finding that the case needed to be remanded to further explore several issues.  *Id.* at *5.  In comparison, the underlying

*States v. Small*, 2011 WL 1289057 at *2 (1st Cir. Apr. 6, 2011). To the extent that the defendant was permitted to withdraw his conditional guilty plea and proceed to trial, the United States will be prejudiced because the forensic examiner who is assigned to this case and who would testify at trial will be on medical leave for several months. *See* Govt. Exh. 1. In addition, the forensic examiner opines the State Police Computer Crimes Unit would be required to create another image of the defendant's computer with use of a more updated version of Encase because the existing copy of his hard drive has become difficult to open in light of its size and the passage of time. Govt. Exh. 1 at 1-2. It is estimated that a period of weeks or months would be required to conduct another forensic examination. In addition, recreation of the electronic work already performed in this case would delay examination of other cases of child exploitation. Govt. Exh. 1. Since a trial in this case would require the State Police to assign another forensics expert to re-image the defendant's computer, the United States asserts it will be prejudiced if the defendant were permitted to withdraw his plea of guilty.[7]

### III. CONCLUSION

The defendant has failed to meet his burden of providing a fair and just reason to support the eleventh-hour request to withdraw his guilty plea. He is asserting neither actual innocence nor the discovery of new evidence. As set forth in sentencing memoranda, there has not been any dramatic deterioration in the condition of the defendant's liver. Experts are in agreement he has an 81% chance

---

investigation did not involve a warrantless search and is not a case, as pointed out by the Magistrate, in which an evidentiary hearing will provide any information which will be of assistance to the Court.
[7]It goes without saying that the United States would be required to expend considerable resources to prepare a case for a trial or a suppression hearing which has not been examined for purposes of a trial or a hearing by investigators, forensic personnel or prosecutors for over seven months. The government should be permitted to rely on its plea agreement with the defendant, the representations made by him in open court as well as the court's approval and acceptance of the conditional plea. The defendant's unhappiness with his sentencing prospects, desire to delay proceedings or tactical decision to withdraw his plea are not valid reasons for granting a hearing or trial at such a late stage in the case.

of survival for the coming year and a 57% chance in two years. The Court stated affirmative evidence such as an expert defense witness affidavit would be required to show a factual dispute. The defendant has not presented any affirmative evidence. The Court further advised the defendant that except for the issue reserved for appeal his "guilty plea will be final" and he "won't then be able to come back and. . . relitigate the case." The defendant's unsupported attempt to retract his plea should not further delay sentencing. For the forgoing reasons, the Government respectfully requests that the defendant's motion to withdraw his conditional plea of guilty be denied.

Dated at Bangor, Maine this \_\_\_8th\_\_\_ day of June, 2011.

> Respectfully submitted,
>
> Thomas E. Delahanty, II
> United States Attorney
>
> /s/ *James M. Moore*
> James M. Moore
> Assistant U.S. Attorney

## UNITED STATES DISTRICT COURT
## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2011, I electronically filed the RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA AND RECONSIDER DENIAL OF SUPPRESSION HEARING using the CM/ECF system which will send notification of such filing(s) to the following:

Virginia G. Villa, Esq.
Virginia_Villa@fd.org; Patricia_Lane@fd.org

> Thomas E. Delahanty, II
> United States Attorney
>
> /s/ *James M. Moore*
> James M. Moore
> Assistant United States Attorney
> United States Attorney's Office
> 202 Harlow Street, Suite 111
> Bangor, Maine 04402