UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-00038-JAW |
| | ) | |
| GARY A. FARLOW | ) | |

**ORDER ON MOTION FOR RELEASE PENDING APPEAL**

After pleading conditionally guilty and being sentenced to 120 months for the transportation and possession of child pornography, Gary Farlow asks to be released pending appeal. The Court denies his motion because he has failed to demonstrate either that his appeal raises a substantial question of law or fact likely to result in reversal or that there are exceptional reasons his continued detention would not be appropriate.

I.      **STATEMENT OF FACTS**

A.      **Procedural History**

On March 11, 2009, a federal grand jury issued a twelve-count indictment charging Gary A. Farlow with the transportation and possession of child pornography, violations of 18 U.S.C. § 2252A(a)(1) and 2252A(a)(5)(B).   *Indictment* (Docket # 1).   On November 9, 2010, Mr. Farlow entered a conditional plea of guilty, reserving the right to challenge on appeal an order denying his motion to suppress. *Tr. of Proceedings* (Docket # 124).   After an unusual delay, on August 24, 2011, the Court sentenced Mr. Farlow to incarceration for 120 months.   *J.* (Docket # 131).

The same day Mr. Farlow appealed to the Court of Appeals for the First Circuit. *Notice of Appeal* (Docket # 133).

On August 25, 2011, Mr. Farlow moved for release pending appeal. *Def.'s Mot. for Bail Pending Appeal and Mem.* (Docket # 135) (*Def.'s Mot.*). The Government responded on September 15, 2011, opposing the motion. *Mem. of the United States in Opp'n to the Def.'s Mot. for Bail Pending Appeal* (Docket # 136) (*Gov't's Opp'n*). Mr. Farlow replied on September 29, 2011. *Def.'s Resp. to Gov't's Opp'n to Mot. for Bail Pending Appeal* (Docket # 138) (*Def.'s Reply*).

### B.     The Defendant's Position

Mr. Farlow contends that he is entitled to release under 18 U.S.C. § 3145(c), which permits the release of a detained defendant if that person meets the requirements of 18 U.S.C. § 3143(b) and "'if there are exceptional reasons why such person's detention would not be appropriate.'" *Def.'s Mot.* at 1 (quoting 18 U.S.C. § 3145(c). To be released pending appeal, Mr. Farlow must demonstrate "by clear and convincing evidence that he is not likely to flee or pose a danger to the community." He must further show:

> [t]hat the appeal is not solely for the purpose of delay and will raise substantial questions of law or fact [that] are likely to result in reversal, order for a new trial, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*Def.'s Mot.* at 2-3; 18 U.S.C. § 3143(b)(1). Mr. Farlow says he meets all these criteria. *Id.* at 4-8.

He maintains he is unlikely to flee because he is very ill.  *Id.* at 4.  He says he is not likely to be a danger to the community because he is willing to undergo stringent conditions of release.  *Id.* at 4-5.  He says that his appeal raises substantial questions of law or fact about the legality of the search the police performed on his computer.  *Id.* at 5-8.

### C.    The Government's Position

The Government is not convinced.  First, it says that Mr. Farlow represents a danger to the community.  *Gov't's Opp'n* at 4-5.  The Government points to the offense of conviction, noting that he possessed thousands of images of child pornography, including images of children less than 12 years old.  *Id.*  The Government further observes that Mr. Farlow was convicted in 2007 in New York State of attempting to have sexual contact with a minor.  *Id.* at 4.  It points to his criminal history, which "includes a conviction for disorderly conduct (pled down from indecent conduct) involving masturbation and indecent conduct involving exposing his genitalia on at least four occasions."  *Id.* at 5.  The Government also notes that he has been charged with "acting in a manner to endanger a child, public lewdness and public indecency."  *Id.*  The Government concludes that he "has been engaging in deviant and unlawful sexual behavior for 45 years."  *Id.*  It discounts the offer from his friend Airlia Currier to act as his custodian, pointing out that he was living with Ms. Currier when the incidents that are the subject of the conviction took place and arguing that Mr. Farlow could access computers in places other than Ms. Currier's home.  *Id.*

Next, the Government contends that Mr. Farlow has not presented a "substantial question of law or fact likely to result in a reversal or a new trial." *Id.* The Government points out that Mr. Farlow failed to present evidence to support his motion to suppress and concludes that he has failed to meet his burden. *Id.* at 5-6. It also says that Mr. Farlow has not raised a Fourth Amendment issue that amounts to a substantial question of law or fact. *Id.* at 6-17. Finally, the Government argues that Mr. Farlow has not shown "exceptional circumstances" for release pending appeal. *Id.* at 17-18.

### D.   Defendant's Reply

In reply, Mr. Farlow observes that the Government has not claimed he is a risk of flight. *Def.'s Reply* at 1. Regarding danger to the community, he emphasizes that he has requested release with "strict restrictions" to protect the public. *Id.* Mr. Farlow then turns to the question of whether he is raising a "substantial question of law" on appeal. *Id.* at 2. He attacks the affidavits of Sergeant Lang as creating contradictions and ambiguities and again urges the view that the Court should have allowed an evidentiary hearing. *Id.* at 2-7.

## II.   DISCUSSION

### A.   Legal Standards for Release Pending Appeal

Under 18 U.S.C. § 3145(c), a court is authorized to release a defendant who is subject to detention under § 3143(a)(2) or (b)(2) and who meets the conditions of release in 18 U.S.C. § 3143(a)(1) or (b)(1) where it is "clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18

4

U.S.C. § 3145(c). As Mr. Farlow is being detained pursuant to § 3143(b)(2), the provisions of 3143(b)(1) apply:

(1)     [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds –

(A)     by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . . ; and

(B)     that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

. . .

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than . . . the expected duration of the appeal process.

Thus, under § 3143(b), to be released pending appeal, a defendant must show by clear and convincing evidence that (1) he is not likely to flee and (2) he is not likely to pose a danger to the safety of any other person or the community; he must also show that the appeal (3) is not for the purpose of delay and (4) raises a substantial question of law or fact likely to result in either a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process.

If the defendant satisfies the requirements of § 3143(b), the defendant must then clearly establish that there are "exceptional reasons" his continued detention

would not be appropriate.  18 U.S.C. § 3145(c).  The burden rests on the defendant.
*See United States v. Colon Berrios*, 791 F.2d 211, 211 (1st Cir. 1986).

### B.     Risk of Flight

Turning first to whether Mr. Farlow presents a risk of flight, the Court concludes he does not.  The Government does not contend that Mr. Farlow is likely to flee.  Mr. Farlow demonstrated at his sentencing hearing that he suffers from hepatic encephalopathy and abdominal ascites caused by advancing liver disease. His need for ongoing medical treatment makes flight unlikely, though not inconceivable.  At the same time, if his conviction and sentence is affirmed, Mr. Farlow faces a term of 120 months of imprisonment and, particularly in view of his shortened life expectancy, he may have an incentive to flee pending appeal.  *See United States v. Cameron*, 756 F. Supp. 2d 148, 153 (D. Me. 2010) (concluding that a defendant who faced an enormous amount of time in prison had an elevated flight potential).  On balance, however, the Court concludes that Mr. Farlow has shown by clear and convincing evidence that he is not likely to flee.

### C.     Danger to the Safety of Any Other Person or the Community

The second criterion is "danger to the safety of any other person or the community."  The Court agrees with the Government that Mr. Farlow's past history, including the conduct that gave rise to this charge and the New York conviction, is cause for concern.   Mr. Farlow has a criminal history of sexual acting up: (1) a 1964 arrest for being a peeping Tom; (2) a 1996 conviction for disorderly conduct that involved masturbating while operating a motor vehicle; (3) a 2001

conviction for indecent conduct for exposing his genitals while delivering mail for the United States Postal Service; and, (4) a 2007 conviction for attempted sexual contact with a minor. *Presentence Report* ¶¶ 31-34. These convictions span Mr. Farlow's life and have continued into his sixth decade, an age by which criminal activity often burns out.

However, in view of his medical condition and the significant restrictions the Court may impose on Mr. Farlow's release, the Court concludes that with carefully constructed and tight restrictions, Mr. Farlow has demonstrated by clear and convincing evidence that he does not pose a risk to the safety of any other person or the community.

### D.    Not for Purposes of Delay and a Substantial Question of Law or Fact

The Court next considers whether the appeal is not for the purpose of delay and whether the appeal raises a substantial question of law or fact likely to result in a sentence that either does not include an imprisonment term or is reduced to imprisonment less than the duration of the appeal process.

Preliminarily, an appellate victory is unlikely to lead to Mr. Farlow's vindication; the more likely course—if he were successful—would be a remand for an evidentiary hearing on the motion to suppress. Whether he would be successful at that hearing is speculative and, because Mr. Farlow has not presented his own expert, would depend on whether the Government's computer experts capitulated to the Defendant's theory of the case at the hearing, always a possibility but not all that common. It is true that if the appellate court vacated the conviction while the

7

hearing was being held on remand, Mr. Farlow would not be subject to mandatory detention.

The First Circuit interpreted the "not for the purpose of delay and raises a substantial question of law or fact" provision in *United States v. Bayko*, 774 F.2d 516 (1st Cir. 1985). Analyzing the language, the First Circuit concluded that the phrase "should not be read to mean that 'it was more likely than not' that conviction would be reversed upon appeal." *Id.* at 521. Otherwise, the literal language would present a classic "Catch 22," as the district court would be required to conclude that its own ruling was likely to be reversed and, if the court had concluded it was likely making the wrong decision, it would have made the right one. *Id.* at 521-22; *United States v. Tyler*, 324 F. Supp. 2d 69, 70 (D. Me. 2004). In *Bayko*, the First Circuit adopted the Eleventh Circuit's view that this language means that the question is "a 'close' question or one that very well could be decided the other way." 774 F.2d at 523 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

From the Court's perspective, whether Mr. Farlow's issues on appeal constitute a "close question" is the crux of the motion.[1] Mr. Farlow intends to pursue on appeal whether the warrant in this case was overbroad and whether he was entitled to an evidentiary hearing. *Def.'s Mot.* at 2-7. The Court has now

---

[1] The Court has been concerned about whether the Defendant's tactics in this case have been "for the purpose of delay," a criterion under § 3143(b)(1)(B). Mr. Farlow argued at sentencing that he has a significantly reduced life expectancy and the Court took his medical condition into account in imposing sentence. Because Mr. Farlow is so ill, if he manages to obtain his release pending appeal, there is a chance he will live out his remaining days free of incarceration. It is also true from the Court's perspective that Mr. Farlow engaged in an unusual series of maneuvers to delay the resolution of his case. *See Order on Mot. to Withdraw Plea of Guilty* (Docket # 127). Nonetheless, as a practical matter, the "not for the purpose of delay" factor would typically be subsumed by the "substantial question of law or fact" criterion because if an appellant has raised a "serious question of law or fact," the appeal is unlikely to be "for the purpose of delay."

issued three Orders on these same issues. *Recommended Decision on Mot. to Suppress* (Docket # 43); *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 52); *Order on Mot. to Withdraw Plea of Guilty* (Docket # 127). The Court carefully reviewed these Orders to determine whether the motion to suppress raised a "close question" and has concluded it does not. It is true that the constitutionality of searches of electronically stored data is a controversial and developing topic. *Compare United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989 (9th Cir. 2009) (en banc), *United States v. Carey*, 172 F.3d 1268 (10th Cir. 1999), *with United States v. Mann*, 592 F.3d 779 (7th Cir. 2010), *United States v. Burgess*, 576 F.3d 1078 (10th Cir. 2009). In *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010), the Ninth Circuit articulated the issue:

> We recognize the reality that over-seizing is an inherent part of the electronic search process and proceed on the assumption that, when it comes to the seizure of electronic records, this will be far more common than in the days of paper records. This calls for greater vigilance on the part of judicial officers in striking the right balance between the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures. The process of segregating electronic data that is seizable from that which is not must not become a vehicle for the government to gain access to data which it has no probable cause to collect.

621 F.3d at 1177.

Here, as the Orders explained, Mr. Farlow simply did not present the Court with a sufficient evidentiary record to place this constitutional question into play. Mr. Farlow only insisted that the protocols the police used to search his computer were too broad and that a more targeted search was not merely technologically possible but constitutionally mandated. But Mr. Farlow presented no evidence on

this point and rested solely on defense counsel's say-so.  Argument is no substitute for evidence.  *See United States v. Allen*, 573 F.3d 42, 52 (1st Cir. 2009).  Without supporting evidence, the Court declined to conclude that the protocol was constitutionally flawed.  *See United States v. Burdulis*, No. 10-40003-FDS, 2011 U.S. Dist. LEXIS 53612, *18 (D. Mass. May 19, 2011) ("Beyond defense counsel's conclusory statements, however, there is no evidence in the record as to the feasibility of obtaining all relevant evidence through such a search").  Because the record did not support his argument, the Court did not reach Mr. Farlow's broad-based claim of error: whether warranted searches of a person's computer which do not hew to a restricted protocol meet constitutional safeguards against unreasonable searches.  Instead, the Court focused on whether the two search warrants in this case, together with the experts' affidavits, violated the particularity requirement of the Fourth Amendment and concluded that, based on the record, they did not.

Mr. Farlow strenuously maintained that, even though he had no defense expert, he could demonstrate the unreliability of the Government's experts by subjecting them to a grueling cross-examination.  The case devolved into whether the Court was required to hold an evidentiary hearing based solely on defense counsel's insistence that she could develop such a record through cross-examination of the Government's computer experts.  The Court rejected the contention that it is required to hold an evidentiary hearing on a motion to suppress anytime a defense lawyer wants one.  The Court does not conclude that this point of law, which is the

flash point on appeal, presents a close question or could well be decided the other way. *United States v. D'Andrea*, 648 F.3d 1, 7 (1st Cir. 2011) ("A criminal defendant does not have a presumptive right to an evidentiary hearing on a motion to suppress").

One issue not mentioned by the parties is the First Circuit's Order in *United States v. Cameron*, a child pornography case in which the First Circuit granted a motion for bail pending appeal. *United States v. Cameron*, No. 09-cr-24-JAW, *Order of Ct.* (Docket # 267). As the First Circuit *Cameron* Order followed orders by this Court denying a motion for release pending appeal, the Court examined the First Circuit Order to see if it holds any lessons for this case. It does not seem to apply. In *Cameron*, to explain its release order, the First Circuit cited the United States Supreme Court's decision in *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011). Here, there has been no *Bullcoming* claim and therefore the Court concludes that the First Circuit's *Cameron* release order should not affect its decision in this case.

The Court concludes that Mr. Farlow has not presented a "substantial question of law or fact" on appeal and that, under 18 U.S.C. § 3143(b)(1)(B), he is not entitled to release pending appeal.

### E.     Exceptional Reasons

Even assuming that Mr. Farlow could meet each of the requirements of § 3143(b)(1)(B), his request for release would still fail because he has not clearly shown exceptional reasons for his release under § 3145(c). What constitutes

"exceptional reasons" is unclear.  *United States v. Weiner*, No. 92-1708. 1992 WL 180697, at *2-3 (1st Cir. July 31, 1992).[2]  In *Weiner*, the First Circuit acknowledged that "[n]either the statute nor the legislative history defines the circumstances which may qualify as exceptional reasons permitting release."  *Id.* at *3 (internal punctuation and citation omitted).  As a general rule, the First Circuit has said that there must be present "a unique combination of circumstances giving rise to situations that are out of the ordinary."  *Id.* (quoting *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991).  The bottom line is that "[t]he absence of statutory criteria makes clear . . . that district courts have wide discretion in deciding whether to invoke this provision."  *Id.*

In *United States v. Garcia*, 340 F.3d 1013, 1019-21 (9th Cir. 2003), the Ninth Circuit provided a useful, though not exclusive, set of factors to evaluate when applying § 3145(c).  These include:

1) Whether the defendant's criminal conduct was aberrational;

2) Whether the defendant led an exemplary life prior to his offense and would be likely to continue to contribute to society if allowed to remain free on bail;

3) The nature of the violent act itself;

---

[2] The First Circuit issued *Weiner* as an unpublished opinion, and its precedential authority is limited.  Nevertheless, *Weiner*'s interpretation of § 3145(c) is consistent with circuit authority in eight other circuits.  *United States v. Goforth*, 546 F.3d 712, 714-16 (4th Cir. 2008); *United States v. Garcia*, 340 F.3d 1013, 1014 n.1 (9th Cir. 2003); *United States v. Cook*, 42 Fed. Appx. 803, 804 (6th Cir. 2002) (unpublished); *United States v. Mostrom*, 11 F.3d 93, 95 (8th Cir. 1993); *United States v. Jones*, 979 F.2d 804, 806 (10th Cir. 1992) (per curiam); *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (per curiam); *United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991); *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991) (per curiam).  Any doubts have been laid to rest by the First Circuit's citation of § 3145(c) in its *Cameron* release order.

4) The length of the prison sentence;

5) Whether prison would impose unusual hardships on a defendant due to serious illness or injury;

6) The nature of a defendant's arguments on appeal;

7) Whether the defendant is exceptionally unlikely to flee or constitute a danger to the community; and,

8) Whether the defendant was unusually cooperative with the Government.

*Id.*

Applying these criteria to Mr. Farlow's case, the Court concludes that he has not clearly demonstrated exceptional circumstances. Mr. Farlow's criminal conduct cannot be deemed aberrational in view of his criminal history; he has led a relatively unremarkable—though certainly not exemplary—life; the nature of the violent act involves child pornography, a crime in which the victims are children; the Court has previously addressed the nature of his arguments on appeal; and Mr. Farlow did not cooperate with the Government in a manner to gain the protection of this provision. *See United States v. Cameron*, 756 F. Supp. 2d at 152-54 (analyzing *Garcia* factors); No. 09-cr-24-JAW, 2011 U.S. Dist. LEXIS 49809 (D. Me. May 9, 2011) (discussing cooperation with the Government). Mr. Farlow's best argument is his unfortunate medical condition, but the Court reviewed that issue thoroughly at sentencing and took his condition into account in imposing sentence.

Applying either the *Garcia* factors or a more general sense of exceptional reasons, the Court concludes that Mr. Farlow has not sustained his burden to demonstrate under § 3145(c) that he should be released pending appeal.

## III.   CONCLUSION

The Court DENIES Defendant Gary Farlow's Motion for Bail Pending Appeal (Docket # 135).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2011